**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2328-24

JEAN CLAU S. WRIGHT, a/k/a
JEAN CLAUDE S. WRIGHT,
JEAN-CLAUDE WRIGHT,
JEANCLAUDE S. WRIGHT,
JEAN WRIGHT, and
JEAN C. WRIGHT,

     Appellant,

v.

NEW JERSEY STATE
PAROLE BOARD,

     Respondent.

_____

     Argued October 9, 2025 – Decided October 29, 2025

     Before Judges Marczyk, Bishop-Thompson and Puglisi.

     On appeal from the New Jersey State Parole Board.

     Cody T. Mason, Deputy Public Defender II, argued the cause for appellant (Jennifer N. Sellitti, Public Defender, attorney; Cody T. Mason, of counsel and on the briefs).

Christopher C. Josephson, Deputy Attorney General, argued the cause for respondent (Matthew J. Platkin, Attorney General, attorney; Janet Greenberg Cohen, Assistant Attorney General, of counsel; Christopher C. Josephson, on the brief).

PER CURIAM

Appellant Jean-Claude Wright appeals from an April 2, 2025 final decision of the New Jersey State Parole Board (Board) declining to address his administrative appeal for lack of jurisdiction. We reverse and remand.

A jury convicted Wright of two counts of first-degree robbery, N.J.S.A. 2C:15-1(a); second-degree possession of a weapon for an unlawful purpose, N.J.S.A. 2C:39-4(a); third-degree terroristic threats, N.J.S.A. 2C:12-3(a); and two counts of fourth-degree aggravated assault, N.J.S.A. 2C:12-1(b)(4). For each robbery conviction, Wright was sentenced to eleven years in prison with an eighty-five percent parole ineligibility term and a five-year mandatory parole supervision (MPS) term, pursuant to the No Early Release Act (NERA), N.J.S.A. 2C:43-7.2. The sentences were imposed concurrently and the remainder of the convictions merged into the robbery convictions.

On November 20, 2018, Wright completed his maximum term of incarceration and was released to the custody of Immigration and Customs Enforcement (ICE). He remained in ICE custody until December 1, 2021, when

he was released into the community and, according to the Board, began serving his five-year MPS term.

On February 3, 2025, Wright's counsel emailed a Board staff member inquiring about the commencement date of the MPS term. Wright argued the MPS term should not have been tolled because ICE custody is civil detention. He stated the MPS term should have expired on November 20, 2023, and any extension of the MPS term beyond that date violated his constitutional rights under State v. Njango, 247 N.J. 533 (2021). Therefore, Wright requested the Board recalculate the term and immediately terminate his MPS.

On February 5, 2025, a staff member from the Board's Legal Unit responded to the email, explaining:

> Regarding your inquiry as to the commencement date of [Wright's] period of mandatory supervision, be advised that the Department of Law and Public Safety-Division of Law provided legal advice to the effect that the period of [MPS] is to be served in the community and that if an offender remains in custody following the completion of a sentence imposed pursuant to [NERA], whether the continued confinement is criminal in nature or civil in nature is not determin[ative], the service of the period of [MPS] remains tolled until the offender is released to the community.

In another email sent that day, the staff member advised that the Department of Corrections (DOC) was responsible for the calculation of an

offender's MPS expiration date, not the Board. Thus, Wright's counsel was directed to send any inquiries regarding the MPS expiration date to the DOC's Classification Services office.

The next day, Wright's counsel emailed the DOC's Classification Services office, reasserting the MPS term should not have been tolled during the period he spent in ICE custody, and therefore, the term expired on November 20, 2023. On February 10, 2025, the director of Classification Services responded, stating the issue raised in the email was a question of "MPS application," not maximum sentence date. The director acknowledged the DOC's responsibility to calculate both the maximum release date of a custodial term and the expiration of an MPS term, but the MPS expiration date "is contingent upon the Actual Supervision Begin Date provided by the [Board]."

Wright's counsel again emailed the Board's Legal Unit staff member, advising him of the DOC's position and seeking further review of the issue. On February 21, 2025, Wright submitted an administrative appeal to the Board reiterating his arguments: MPS commences upon the completion of a custodial sentence; Wright was released from DOC custody on November 20, 2023; his MPS term should not have been tolled during civil detention by ICE; and his MPS term therefore exceeded the imposed sentence. Wright requested the

Board correct the commencement date of his MPS term and communicate the date to the DOC, which would result in immediate termination of Wright's MPS.

On April 2, 2025, the Board issued a letter decision advising Wright it "declined to consider the merits of" the administrative appeal because "the Board ha[d] no jurisdiction to consider" it. The Board noted the DOC was responsible for computing an offender's maximum sentence date and MPS term expiration date and instructed Wright to direct his concerns to the DOC.

This appeal followed, wherein Wright reprises the substantive arguments he raised in his administrative appeal. Having reviewed the record and considered arguments of counsel, we are convinced the Board erred in rejecting Wright's administrative appeal for lack of jurisdiction.

"Appellate review of a ruling on jurisdiction is plenary because the question of jurisdiction is a question of law." Rippon v. Smigel, 449 N.J. Super. 344, 358 (App. Div. 2017). However, review of the "'factual findings with respect to jurisdiction' is only to determine if those findings are supported by substantial, credible evidence in the record." Ibid. (quoting Mastondrea v. Occidental Hotels Mgmt. S.A., 391 N.J. Super. 261, 268 (App. Div. 2007)).

In addition to serving a mandatory minimum term of eighty-five percent of the sentence imposed, NERA requires a defendant to serve a five-year MPS

5

for a first-degree crime or a three-year MPS term for a second-degree crime. N.J.S.A. 2C:43-7.2(a), (c). The MPS

> shall commence upon the completion of the sentence of incarceration imposed by the court . . . unless the defendant is serving a sentence of incarceration for another crime at the time the defendant completes the sentence of incarceration imposed . . . in which case the term of [MPS] shall commence immediately upon the defendant's release from incarceration. During the term of [MPS] the defendant shall remain in release status in the community in the legal custody of the Commissioner of the [DOC] and shall be supervised by the [Board] as if on parole and shall be subject to the provisions and conditions of [N.J.S.A. 30:4-123.51(b)].
>
> [N.J.S.A. 2C:43-7.2(c).]

It is undisputed the DOC is responsible for calculating an offender's maximum sentence date and MPS expiration date. However, the DOC's calculation of an MPS expiration date hinges on an offender's actual supervision begin date, which is determined by the Board.

Wright's administrative appeal asked the Board to "correct the start date" for his MPS term to November 20, 2018, and to "communicate this updated information to the [DOC]." This relief is within the Board's purview. Although Wright contended the "correction" would result in the immediate termination of his MPS, he did not ask the Board to recalculate his maximum MPS date, as that is the DOC's responsibility. We are therefore persuaded the Board's rejection

6

on jurisdictional grounds incorrectly construed appellant's administrative appeal as challenging his maximum MPS date.

During oral argument, the Board conceded its interpretation was mistaken and consented to a remand of the matter for consideration on the merits. Appellant objected to a remand and urged us to decide the substantive issue based on the alternative substantive arguments made in the Board's merits brief.

While we "ordinarily employ a deferential standard when reviewing a Parole Board administrative determination in the specialized area of parole supervision," Williams v. N.J. State Parole Bd., 255 N.J. 36, 46 (2023), we "review decisions construing a statute de novo, owing no deference to the analysis" of the agency, State v. Cromedy, 261 N.J. 421, 430 (2025). Although we are not bound by the Board's interpretation, we are nevertheless satisfied a remand is appropriate in this matter to afford the Board the opportunity to consider Wright's appeal on the merits.

We granted Wright's motion to accelerate this appeal and are mindful of the constitutional rights implicated if, as Wright argues, he is subject to MPS past his maximum date. Therefore, the Board must issue and file with the Clerk a final agency decision within forty-five days of this opinion.

Reversed and remanded. We retain jurisdiction.

I hereby certify that the foregoing is a true copy of the original on file in my office.

m.c. Harley

Clerk of the Appellate Division